

CERTIFIED MAIL

7016 3970 0000 1549 3788

Crown Equipment Manufacturing, LLC
Bradley L. Smith
40 South Washington Street
New Bremen, OH 45869

RE: ASH 11

MAR 27 2017

John F. Bruscato
Attorney at Law
2011 Hudson Lane
Monroe, LA 71201

EXHIBIT
A





**THE**

# BRUSCATO
## L A W   F I R M

2011 Hudson Lane (71201)
Post Office Box 2374
Monroe, Louisiana 71207-2374

| Phone : | (318) 325-7577 |
| Fax : | (318) 325-7532 |
| Email : | john@bruscatolaw.com |

John F. Bruscato

March 21, 2017

CERTIFIED PERMIT 7016 1970 0000 1549 3788
RETURN RECEIPT REQUESTED

Crown Equipment Manufacturing, LLC.
Through Agent of Service:
Bradley L. Smith
40 South Washington Street
Austin, TX  78707-3218

RE:   Tremaine Baker
vs.
Crown Equipment Corporation of Ohio, Crown Equipment Corporation,
Crown Equipment Holdings Inc., Crown Equipment Manufacturing LLC

To Bradly:

Please be advised that I represent Termine Baker in the above captioned suit.
Enclosed please find a certified copy of the Petition for Damages.

If responsive pleadings are not filed as indicated in the Citation, judgment may be
rendered as prayed for in the Petition.

Thank you for your time and assistance in this manner.

With personal regards, I am

Very truly yours,

John F. Bruscato

JFB/bds
Enclosures

# CT Corporation

**Service of Process Transmittal**
03/30/2017
CT Log Number 530960946

TO:     John Maxa, Vice President and General Counsel
        Crown Equipment Corporation
        102 S Washington St
        New Bremen, OH 45869-1249

RE:     **Process Served in Louisiana**

FOR:    CROWN EQUIPMENT CORPORATION OF OHIO  (Assumed Name)  (Domestic State: OH)
        CROWN EQUIPMENT CORPORATION (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TERMINE BAKER, Pltf. vs. CROWN EQUIPMENT CORPORATION OF OHIO, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | OUACHITA; 4TH JUDICIAL DISTRICT COURT, LA<br>Case # C20170797 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - On or about March 11,2016 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/30/2017 at 09:11 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after you have received these documents |
| **ATTORNEY(S) / SENDER(S):** | John F. Bruscato<br>Attorney at Law<br>2011 Hudson Lane<br>PO BOX 2374<br>Monroe, LA 71207-2374<br>(318) 325-7577 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/30/2017, Expected Purge Date: 04/04/2017<br><br>Image SOP<br><br>Email Notification,  Donna Prenger  donna.prenger@crown.com<br><br>Email Notification,  John Maxa  mary.clouner@crown.com<br><br>Email Notification,  Julia Tuente  Julia.Tuente@crown.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378<br>954-473-5503 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


OPC.CV.4573952
DA

# CITATION

TERMINE BAKER

VS

CROWN EQUIPMENT
CORPORATION OF OHIO, CROWN
EQUIPMENT CORPORATION,
CROWN EQUIPMENT HOLDINGS
INC, CROWN EQUIPMENT
MANUFACTURING LLC

**DOCKET NUMBER: C-20170797**
SEC: C1
STATE OF LOUISIANA
PARISH OF OUACHITA
FOURTH JUDICIAL DISTRICT COURT

### EAST BATON ROUGE PARISH

TO:

    CROWN EQUIPMENT CORPORATION OF OHIO
    AGENT FOR SERVICE C T CORPERATION SYSTEMS
    3867 PLAZA TOWER DR
    BATON ROUGE,  LA 70816

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition. The petition tells you what
you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you
have received these documents, you must file an answer or other legal pleadings in the
Office of the Clerk of this Court at the Ouachita Parish Court House, 301 South Grand,
Monroe, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading
within FIFTEEN (15) days, a judgment may be entered against you without further
notice.

This Citation was issued by the Clerk of Court for Ouachita Parish, on this MARCH 14,
2017.

                    OUACHITA PARISH CLERK OF COURT

Also attached are the following:
PETITION FOR DAMAGES

                    By:    DeAnna Albritton

STATE OF LOUISIANA       §       PARISH OF OUACHITA

FOURTH JUDICIAL DISTRICT COURT

TERMINE BAKER

VERSUS NO. 1 7 - 0 7 9 7

CROWN EQUIPMENT CORPORATION, ET AL

FILED__MAR 1 0 2017_____

DeAnna Albritton

DEPUTY CLERK OF COURT

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, TERMINE BAKER, major domiciliary of Monroe, Ouachita Parish, Louisiana, and respectfully represents:

1.

Made Defendants herein are:

a) CROWN EQUIPMENT CORPORATION OF OHIO, a foreign corporation authorized to do and actually doing business in the State of Louisiana;

b) CROWN EQUIPMENT HOLDINGS INC, a foreign corporation authorized to do and actually doing business in the State of Louisiana;

c) CROWN EQUIPMENT MANUFACTURING, LLC, a foreign corporation authorized to do and actually doing business in the State of Louisiana; and

d) CROWN EQUIPMENT CORPORATION, a foreign corporation authorized to do and actually doing business in the State of Louisiana.

2.

On or about March 11, 2016, at approximately 11:00 A.M., Plaintiff, TERMINE BAKER, was operating a pallet jack manufactured by Defendants, CROWN EQUIPMENT CORPORATION OF OHIO AND/OR CROWN EQUIPMENT HOLDINGS INC AND/OR CROWN EQUIPMENT MANUFACTURNG, LLC AND/OR CROWN EQUIPMENT CORPORATION.

5.

On information and belief, the pallet jack was defective and unreasonably dangerous in design and/or manufacture and/or due to failure to provide adequate warnings and instructions, for any or all of the following reasons.

6.

The person operating the pallet jack must stand on a very small platform behind the controls. Because of the platform's small size, it is easy for the operator's foot to go over the edge. The platform does not have any lip or edge to help the operator keep his feet on the platform. The platform does not have any type of bumper or "cow-catcher" device which would prevent the jack from going over the operator's foot in the event that the operator slips. The platform does have some type of non-skid surface. However, on information and belief, the non-skid surface was insufficient to provide adequate protection for the operator.

7.

The pallet jack had a "dead man" switch which, when engaged, would cause it to stop moving in the event the operator releases the controls. However, the pallet jack was also designed so that the operator could override and disengage the "dead man switch" and the pallet jack was constructed in such a fashion that it was dangerous to operate the pallet jack with the dead man switch engaged, because if the dead man switch brought the pallet jack to a sudden halt, the load on the pallet jack would be likely to topple over on the operator. As a result, plaintiff's employers instructed him it was safer to use the pallet jack with the dead man switch disengaged.

8.

In sum, the pallet jack had inadequate and poorly considered safety features which combined to make it defective and unreasonably dangerous in ordinary use, inasmuch as the small size of the platform, the inadequate non-skid material, and the lack of any lip made it easy for the operator's foot to slip off the platform and, once a slip occurred, there was no bumper or

9.

It is not clear to what extent the defects in question resulted from design defects or manufacturing issues.   However, on information and belief, at the time the pallet jack was designed, there were better and more suitable materials and means of design and construction which could have been employed to eliminate some or all of these flaws at a reasonable cost, preventing the injury to plaintiff, and due to design or manufacturing issues, these were not used.

10.

Also, on information and belief, the pallet jack came with inadequate instructions and warnings.   It appears that the pallet jack manufacturer did not supply sufficient instructions to the purchaser (plaintiff's employer) on the correct use of the pallet jack so that users could have the protection of the dead man switch without being at risk of being injured by a falling load, and there was no warning on the pallet jack itself which would have alerted plaintiff to the dangers in using same or of possible means for avoiding these dangers.

11.

The sole and legal cause of this accident and all resulting injuries and damages was caused solely by the acts of negligence or omissions of the Defendant, CROWN EQUIPMENT CORPORATION OF OHIO AND/OR CROWN EQUIPMENT HOLDINGS INC AND/OR CROWN EQUIPMENT MANUFACTURNG, LLC AND/OR CROWN EQUIPMENT CORPORATION, in the following non-exclusive manner:

a)   Manufacturing a product which is unreasonably dangerous in construction or composition when used in a reasonably anticipated manner, as provided in R.S. 9:2800.55;

b)   Manufacturing a product which is unreasonably dangerous in design when used in a reasonably anticipated manner, as provided in R.S. 9:2800.56;

c)   Manufacturing a product which is unreasonably dangerous because an adequate warning about the product has not been provided as required by R.S. 9:2800.57;

a)    past, present, and future physical injuries;

b)    past, present, and future physical pain and suffering;

c)    past, present, and future mental anguish and emotional distress;

d)    past, present, and future medical expenses;

e)    past, present, and future loss of enjoyment of life;

f)    past, present, and future consortium, society, and service;

g)    past, present, and future loss of wages and/or earning capacity;

h)    past, present, and future interest;

i)    past, present, and future costs; and

j)    other damages to be more particularly proven at trial on the merits.

13.

At the moment of accident, Plaintiff, TERMINE BAKER, sustained severe trauma to his left leg and foot.

14.

Plaintiff, TERMINE BAKER, sustained sixteen fractures to his left leg and foot.

15.

Defendant, CROWN EQUIPMENT CORPORATION OF OHIO AND/OR CROWN EQUIPMENT HOLDINGS INC AND/OR CROWN EQUIPMENT MANUFACTURNG, LLC AND/OR CROWN EQUIPMENT CORPORATION, is liable unto Plaintiffs individually and jointly with regard to the claims asserted herein.

WHEREFORE, Plaintiff, TERMINE BAKER, prays for Judgment herein in his favor and against Defendant, CROWN EQUIPMENT CORPORATION OF OHIO AND/OR CROWN EQUIPMENT HOLDINGS INC AND/OR CROWN EQUIPMENT MANUFACTURNG, LLC AND/OR CROWN EQUIPMENT CORPORATION, individually and jointly, in such amounts as are reasonable within the premises, and any and all other equitable relief, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

Respectfully submitted,

JOHN F. BRUSCATO                                    BRN 34900

*JOHN F. BRUSCATO, ATTORNEY AT LAW, LLC*
2011 HUDSON LANE
POST OFFICE BOX 2374
MONROE, LOUISIANA 71207-2374
(318) 325-7577
FACSIMILE (318) 325-7532


PLEASE SERVE:

CROWN EQUIPMENT CORPORATION OF OHIO
THROUGH AGENT FOR SERVICE
C T CORPERATION SYSTEMS
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

VIA LOUISIANA LONG ARM
CROWN EQUIPMENT HOLDINGS INC
THROUGH AGENT FOR SERVICE
BRADLEY L. SMITH
40 SOUTH WASHINGTON STREET
NEW BREMEN, OH 45869

VIA LOUISIANA LONG ARM
CROWN EQUIPMENT MANUFACTURNG, LLC
THROUGH AGENT FOR SERVICE
BRADLEY L. SMITH
40 SOUTH WASHINGTON STREET
NEW BREMEN, OH 45869

VIA LOUISIANA LONG ARM
CROWN EQUIPMENT CORPORATION
THROUGH AGENT FOR SERVICE
BRADLEY L. SMITH
40 SOUTH WASHINGTON STREET
NEW BREMEN, OH 45869

A TRUE COPY
DEPUTY CLERK
4TH JUDICIAL DISTRICT COURT